HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Steven B. Smith
2 Park Avenue
New York, NY 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Proposed Counsel for Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :
                                                            :   Chapter 11
C.T.W. REALTY CORP.,                                        :   Case No. 19-11425 (MKV)
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------x

### AFFIDAVIT OF GARY TSE PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK   )
                    )ss:
COUNTY OF NEW YORK  )

GARY TSE, being duly sworn, deposes and states:

1. I am the president of C.T.W. Realty Corp. ("CTW"), the above captioned debtor and debtor-in-possession (the "Debtor"). In this capacity, I am familiar with the day-to-day operations and financial affairs of the Debtor.

2. I have been in the real estate business since 1986 with the management of my family's portfolio. I received my M.S. in Real Estate Finance in 1992 from New York University. My prior experience includes posts at AIG Corporate Real Estate, Edward S. Gordon, Citigroup Corporate RE, GVA Williams and Cushman & Wakefield. More specifically, I have a background in asset management, investment sales, leasing and development.

3.  I hereby respectfully submit this affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Except as otherwise indicated, all facts set forth in this affidavit are based upon personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of the Debtor.

**INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007**

4.  Local Rule 1007-2 requires certain information related to the Debtor, which is set forth below and in the schedules annexed hereto.

**Local Rule 1007-2(a)(1): The Nature of the Debtor's Business and a Description of the Circumstances Leading to the Debtor's Filing Under Chapter 11**

5.  The Debtor is a single asset real estate company that was formed for the ownership and management of that certain commercial property located at 55-59 Chrystie Street, New York, NY 10002 (the "Property").

6.  On or about February 10, 2017, Ladder Capital Finance LLC ("Ladder Capital") agreed to make a loan to CTW in the amount of $25,125,000.00 (the "Loan") pursuant to the terms of a loan agreement, dated February 10, 2017 (the "Loan Agreement") and evidenced by an Amended, Restated and Consolidated Promissory Note, dated February 10, 2017 (the "Note").

7.  The Loan is secured by an Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents and Security Agreement, dated February 10, 2017 (the "Mortgage"), which encumbers the Property.

8. Effective as of March 13, 2017, Ladder Capital assigned the Loan, the Note and the Mortgage, and other related documents (together, the "Loan Documents"), to Ladder Capital Finance II, LLC ("Ladder Capital II"), which subsequently assigned the Loan Documents to Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of LLCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26 ("Wilmington Trust").

9. On or about March 6, 2018, CTW defaulted under the terms of the Loan Documents by, *inter alia*, failing to pay the required monthly installment of interest due thereon and thereafter.

10. On or about June 8, 2018, Wilmington Trust commenced a foreclosure action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York. The matter is captioned as *Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of LLCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26 v. C.T.W. Realty Corp., et al.* and bears Index No. 850165/2018 (the "Foreclosure Action").

11. On or about July 13, 2018, the Debtor filed a contesting answer in the Foreclosure Action.

12. By motion filed on or about June 15, 2018, Wilmington Trust sought the appointment of a receiver. The Debtor opposed the motion. That application was granted on October 24, 2018 (the "Order Appointing Receiver").

13. The Order Appointing Receiver appointed Gregory A. Gilfoil as receiver of the Property. The Debtor did not oppose Wilmington Trust's selection of Mr. Gilfoil as receiver.

14. The Order Appointing Receiver gave Mr. Gilfoil the usual powers, duties and directions of a receiver, including, *inter alia*, to receive any rents, issues and profits issuing out of the Property; to institute and prosecute all legal proceedings necessary for the proper care and protection of the Property; and to appoint a leasing agent to lease vacant space at the Property.

15. On or about August 24, 2018, Wilmington Trust filed for summary judgment, among other relief. That motion was granted on December 4, 2018.

16. On or about January 23, 2019, Wilmington Trust moved to confirm the referee's report and for judgment of foreclosure. That motion was granted on March 8, 2019.

17. The Judgment of Foreclosure and Sale was entered on March 20, 2019.

18. Wilmington Trust noticed a foreclosure sale to occur on May 2, 2018 at 10:00 a.m.

19. In December 2018, Mr. Tse retained the services of Chesterfield Faring, Ltd ("CFL"), a firm with significant experience in real estate investment banking, investment management, principal ownership and capital markets activities, to serve as the Debtor's financial advisor, on a commission basis, to explore available restructuring transactions in order to maximize the value of the Property. CFL has engaged with prospective investors and bidders regarding potential restructuring transactions involving the Property which, to date, have reflected a possible market value of the Property of between $40-42 million. As recently as last week, there were discussions regarding the possible purchase of the Property for $42 million, a price which would enable the Debtor to satisfy, in full, all secured, and likely, all unsecured, claims.

20. The Debtor filed for Chapter 11 protection before this Court on May 1, 2019 (the "Petition Date") in order to preserve the Debtor's equity in the Property and be afforded a reasonable opportunity to restructure its affairs, including the opportunity to pursue a sale process or other transaction which would maximize the value of the Property for the benefit of the Debtor's secured and unsecured creditors.

**Local Rule 1007-2(a)(2): Trustee Appointed in a Prior Chapter 7 or 13 Case**

21. Not applicable because the Debtor's case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3): Pre-Petition Committee(s)**

22.  Not applicable because no committee was organized prior to the Petition Date. case.

**Local Rule 1007-2(a)(4): Twenty (20) Largest Unsecured Claims**

23.  Schedule 1 hereto provides a list of the names and addresses of the Debtor's twenty (20) largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. § 101(31).

**Local Rule 1007-2(a)(5): Five (5) Largest Secured Claims**

24.  Schedule 2 hereto provides the following information with respect to each of the Debtor's secured claims: the creditor's name and address, the amount of the claim, a brief description of the claim, an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

**Local Rule 1007-2(a)(6): Summary of the Debtor's Assets and Liabilities**

25.  Schedule 3 hereto is a summary of the Debtor's assets and liabilities.

**Local Rule 1007-2(a)(7): Publicly Held Securities**

26.  Not applicable because none of the securities of the Debtor are publicly held.

**Local Rule 1007-2(a)(8): Property in the Possession or Custody of Any Custodian or other Agent**

27.  As set forth above, a receiver was appointed on October 24, 2018. The Order Appointing Receiver gave Mr. Gilfoil the usual powers, duties and directions of a receiver, including, *inter alia*, to receive of any rents, issues and profits issuing out of the Property; to institute and prosecute all legal proceedings necessary for the proper care and protection of the Property; and to appoint a leasing agent to lease vacant space at the Property. In addition to the Property itself, the Debtor stores certain furniture and equipment at the Property.

**Local Rule 1007-2(a)(9): Information Regarding From Where the Debtor Operates its Business**

28. Since the appointment of the Receiver, the Debtor has operated its business from the home of Mr. Tse, located at 14 Kathy Street, Kendall Park, NJ 08824.[1]

**Local Rule 1007-2(a)(10): Location of Debtor's Substantial Assets and Books and Records**

29. Schedule 4 hereto provides the location of the Debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States.

**Local Rule 1007-2(a)(11): Pending Litigation**

30. As set forth above, the Foreclosure Action is the only active state court litigation involving the Debtor. To the best of its knowledge, the Debtor is not involved in any other pending litigation.

**Local Rule 1007-2(a)(12): Senior Management**

31. Schedule 5 hereto provides a list of the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

**Local Rule 1007-2(b)(1): Weekly Payroll**

32. Schedule 6 hereto provides the estimated amount of weekly payroll (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the Petition Date.

**Local Rule 1007-2(b)(2): 30 Day Budget for Payments for Services**

33. Not applicable since no amounts are proposed to be paid to members of the Debtor for the thirty (30) day period following the Petition Date.

---

[1] The Debtor is in discussions with counsel to Wilmington Trust and the Receiver to resume operating its business from the Property.

**Local Rule 1007-2(b)(3):** **30 Day Budget of Estimated Cash Receipts, Disbursement and Other Information**

34.  Schedule 7 hereto provides a schedule of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing for the thirty (30) day period following the Petition Date.

-- The remainder of this page is intentionally left blank --

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         May 15, 2019

_____
GARY TSE

Sworn to before me this
15th day of May 2019

_____
Notary Public

LARISA PORETSKAYA
Notary Public, State of New York
No. 01PO6188619
Qualified in Westchester County
Commission Expires June 9, 2020

## Schedule 1

**20 Largest Unsecured Claims (Excluding Insiders)**

**SEE ATTACHED**

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | C.T.W. REALTY CORP. | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK | ☐ Check if this is an amended filing |
| Case number (if known): | 19-11425 | |

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Frontline Security Solutions<br>PO Box 943<br>New York, NY 10272 | | Surveillance and IT | | | | $52,940.47 |
| Arco Group<br>287 Broome Street<br>New York, NY 10002 | | General Contractor/Electrician | | | | $45,740.00 |
| Joe Gormley, CPA<br>3490 Route One North, Suite 15<br>Princeton, NJ 08540 | | Professional services | | | | $11,239.30 |
| Internal Revenue Service<br>Cincinnati, OH 45999-0149 | | | | | | $10,836.61 |
| Skyway Restoration<br>72-17 244 Street, Suite 2A<br>Little Neck, NY 11362 | | General Contractor/Roofing | | | | $3,103.00 |
| Tri State Plumbing & Heating<br>33-70 Prince Street, Suite 706<br>Flushing, NY 11354 | | General Contractor/Plumber/Sprinkler | | | | $2,800.00 |
| Department of New York State | | | | | | $1,564.65 |
| Metamechanics LLC<br>242 West 27th Street, Suite 5B<br>New York, NY 10001 | | Architect/designer | | | | $1,500.00 |
| Titan Capital<br>845 3rd Avenue, 20th Floor<br>New York, NY 10022 | | | | $3,500,000.00 | Unknown | Unknown |

## Schedule 2

## 5 Largest Secured Claims

| Creditor | Amount of Claim | Description of Claim | Value of Collateral Securing Claim | Lien or Claim Disputed (Y/N) |
|---|---|---|---|---|
| Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26 ("Wilmington Trust"), c/o Gary F. Eisenberg, Esq., Perkins Coie LLP, 30 Rockefeller Plaza, 22nd Floor, New York, NY 10112 | $35,244,177.90 | Judgment of Foreclosure and Sale | | Y[2] |
| Titan Capital 845 3rd Avenue, 20th Floor New York, NY 10022 | $3,500,000.00 | Mortgage Lien | | N |
| | | | | |

---

[2] This amount includes a prepayment premium in the amount of $5,208,873.11 which may be subject to dispute in the Chapter 11 Case.

## Schedule 3

### Summary of Debtor's Assets and Liabilities

Pursuant to Local Rule 1007-2(a)(6), the following unaudited financial information is the latest available information and reflects the Debtor's financial condition as of the Petition Date.

Total Assets:        $40,048,700[3]

Total Liabilities:   $38,863,065.32[4]

---

[3] This estimated valuation is comprised of (i) a $40,000,000 estimate valuation of the Property based upon recent expressions of interest from prospective investors to purchase and/or invest in the Property, and (ii) a $48,700 estimate of furniture and equipment stored at the Property. Note that an Appraisal Report prepared for counsel to Wilmington Trust dated August 21, 2018 lists the following valuations: (1) As-Is Market Value of $33,100,000 (Date of Value, August 1, 2018), and (2) Prospective Value Upon Stabilization of $38,200,000 (Date of Value, August 1, 2020).

[4] As previously noted, this amount includes a prepayment premium in the amount of $5,208,873.11 which may be subject to dispute in the Chapter 11 Case.

## Schedule 4

**Location of Debtor's Significant Assets, Books
and Records and Assets Outside of U.S.**

| Asset | Location | Value (if Outside U.S.) |
|---|---|---|
| Books and Records | Archives: 55-59 Chrystie Street, New York, NY 10002<br><br>Accountant's Office:<br>Joe Gormley<br>Certified Public Accountant<br>3490 US Route 1 North<br>Princeton, NJ 08540<br>Telephone: 609.269.5009<br>Fax: 609.897.0123 | N/A |
| Real Property | 55-59 Chrystie Street, New York, NY 10002 | N/A |

## Schedule 5

### Senior Management

| Name | Title | Tenure | Experience/Responsibilities |
|---|---|---|---|
| Gary Tse | President | 29 Years | Asset management, investment sales, and leasing and development. |
| Jordan Tse | Senior Director | 5 Years | (1) Maintain contact and oversee any professionals or vendors, including insurance, contractors, attorneys, architects, engineers and accountants, and (2) accounts payables/accounts receivables. |

## Schedule 6

### Estimated Weekly Payroll

Pursuant to Local Rule 1007-2(b)(1), the estimated amount of gross weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the Petition Date is approximately $2,190.00 per week.

## Schedule 7

### Cash Receipts and Disbursements, Net Cash Gain or Loss, Unpaid Obligations and Receivables

Pursuant to Local Rule 1007-2(b)(3), the following provides the estimated aggregated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid (other than professional fees) for the 30-day period following the Petition Date.

| | |
|---|---|
| **Cash Receipts** | $10,438 |
| **Cash Disbursements** | $46,945 |
| **Net Cash Gain (Loss) - Cash Basis** | ($36,507) |
| **Unpaid Obligations (excluding professional fees)** | $45,797 |
| **Unpaid Receivables (excluding professional fees)** | $0.00 |