**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>C.T.W. REALTY CORP.,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 19-11425 (MKV)<br><br>Presentment Date: September 3, 2019, 10:00 a.m. |

**LIMITED OBJECTION OF WILMINGTON TRUST, N.A. AS TRUSTEE TO APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROSEWOOD REALTY GROUP AS REAL ESTATE BROKER FOR THE DEBTOR**

Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26 ("Secured Creditor") hereby submits this limited objection to the application ("Application") of the debtor's C.T.W. Realty Corp. ("Debtor") for entry of an order authorizing the retention and employment of Rosewood Realty Group as exclusive real estate broker in connection with the Debtor's chapter 11 bankruptcy case, and in support hereof, respectfully shows the Court as follows:

1.  The purpose of the limited objection by the Secured Creditor to the Application is to clarify for the record that the Secured Creditor's acquiescence to, and agreement to a portion of the structure proposed for, the brokerage retention is limited and specific. More importantly, the Secured Creditor wishes to clarify that its acquiescence to, and agreement to a portion of the structure proposed for, the brokerage retention does not constitute an acceptance of the plan of reorganization (the "Plan") that the Debtor has filed [Docket No. 42].

2.  In general, the Secured Creditor does not object to the retention of Rosewood Realty Group ("Rosewood") as the Debtor's exclusive real estate broker in this Chapter 11 case. However, In paragraph 21 of the Application [Docket No. 51, page 8 of 28], the Application recites

145470416.1

that the Secured Creditor has agreed that 1% of the commission upon the sale for a purchase price of less than $35,000,000 will be paid by the Secured Creditor (and the other 1% payable to Rosewood to be paid by the Debtor). This requires clarification. The 1% to be paid by the Secured Creditor will be paid by reducing the proceeds of sale otherwise payable to the Secured Creditor by an amount equal to 1% of the sale proceeds otherwise payable to the Secured Creditor.

3. Sections 21B and C of the Application make reference to payment of commissions upon a refinance, recapitalization or negotiated joint venture in connection with the Property. Secured Creditor has no objection to a refinance if the full amount the foreclosure judgment held by the Secured Creditor is paid and has no objection to the proposed commission to Rosewood if that occurs. However, either a recapitalization or a joint venture, without Secured Creditor's agreement, is not acceptable to Secured Creditor. Secured Creditor's lack of objection to retention of Rosewood as the exclusive broker to conduct a sale of the Debtor's real property should not be taken by the Court as acquiescence by Secured Creditor to, or agreement to, any recapitalization or joint venture that is not separately specifically agreed to by Secured Creditor, whether in the Plan or otherwise. Just as definitively, Secured Creditor's limited objection should not be taken to be an acceptance of the Plan or acquiescence in the Plan's purported treatment of the Secured Creditor's clam as unimpaired.

4. The Application recites that it is based on a listing agreement that is not finalized. Secured Creditor reserves its right to supplement this limited objection based on the finalized listing agreement, once it is submitted to the Court.

Wherefore Secured Creditor respectfully requests that any order entered by the Court in

respect to the Application be modified so as to reflect the limited objections of Secured Creditor as set forth above.

| | |
|---|---|
| DATED:  August 27, 2019 | PERKINS COIE LLP<br><br>By:   /s/ Gary F. Eisenberg<br>       Gary F. Eisenberg, Esq.<br>       1155 Avenue of the Americas, 22nd Floor<br>       New York, NY 10036<br>       Telephone: (212) 262-6900<br>       Fax: (212) 977-1649<br>       Email: geisenberg@perkinscoie.com<br><br>       *Attorneys for Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26* |